UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM E. BURGES and ROSE M. BURGES, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>vs.<br><br>BANCORPSOUTH, INC., et al.,<br><br>       Defendants. | Civil Action No. 3:14-cv-01564<br><br>The Honorable Waverly D. Crenshaw, Jr.<br>The Honorable Jeffery S. Frensley<br><br><u>CLASS ACTION</u><br><br>JOINT STATEMENT REGARDING PROPOSED CASE MANAGEMENT ORDER |

Pursuant to the Court's December 6, 2016 Order (Dkt. No. 187), City of Palm Beach Gardens Firefighters' Pension Fund ("Lead Plaintiff") and BancorpSouth, Inc., James D. Rollins III, William L. Prater and James V. Kelley ("Defendants") (collectively, the "Parties") hereby submit this Joint Statement Regarding Proposed Case Management Order.

On September 6, 2016, the United States Court of Appeals for the Sixth Circuit entered an order vacating class certification. Dkt. No. 178. On October 20, 2016, the Parties informed the Court that they had agreed to mediation in an attempt to resolve this action.

On October 31, 2016, following a joint request by the Parties, the Court entered an Order (Dkt. No. 166), which vacated deadlines and referred the case to Magistrate Judge Knowles to set new deadlines and for additional case management. Dkt. No. 185. Judge Campbell rescheduled the jury trial for March 20, 2018 at 9:00 a.m. and set a pretrial conference for March 12, 2018 at 9:00 a.m. In the same Order, the Court set a March 5, 2018 deadline for counsel to submit a joint proposed pretrial order; a February 29, 2018 deadline for motions *in limine* and motions objecting to expert testimony; and a March 5, 2018 deadline for responses to such motions.

On October 20, 2016, the case was reassigned to Magistrate Judge Frensley due to the retirement of Magistrate Judge Knowles. On November 30, 2016, the case was reassigned to Judge Crenshaw due to the retirement of Judge Campbell.

Mediation was held on January 4, 2017. On January 11, 2017, the Parties informed the Court that the mediation was unsuccessful.

Following the unsuccessful mediation, the Parties have met and conferred regarding a schedule for the remainder of the case. The Parties do not agree on the schedule for the remainder of the case, and accordingly, present the position of each below.

A. Lead Plaintiff's Position

Lead Plaintiff respectfully submits that the Court should enter the schedule set forth below, which incorporates the Court's ordered target trial date and related dates (Dkt. No. 185):

| Event | Proposed Deadline |
|---|---|
| Completion of document production and production of privilege logs | March 3, 2017 |
| Fact discovery cutoff | June 2, 2017 |
| Deadline to amend or supplement pleadings | June 16, 2017 |
| Parties declare experts and produce expert reports pursuant to Fed. R. Civ. P. 26(a)(2) | July 21, 2017 |
| Deadline for expert rebuttal reports | August 22, 2017 |
| Deadline to complete expert depositions | September 22, 2017 |
| Deadline for dispositive motions | October 6, 2017 |
| Oppositions to dispositive motions (45 days, if motion filed earlier) | November 21, 2017 |
| Replies to dispositive motions (21 days, if response is filed earlier) | December 15, 2017 |
| Deadline for motions *in limine* | February 28, 2018 |
| Oppositions to motions *in limine* | March 5, 2018 |
| Submission of joint proposed pretrial order | March 5, 2018 |
| Pretrial conference | March 12, 2018 |
| Target trial date | March 20, 2018 |

As outlined below, Defendants request a stay of all proceedings pending resolution of the motion for class certification and the pending motion to compel. That request should be rejected, just like it was the first two times Defendants made an all-but-identical request.

At the August 11, 2015 initial case management conference, this Court rejected outright Defendants' request to bifurcate class and merits discovery such that discovery into the merits of Lead Plaintiff's claims would not proceed until class certification had been resolved, stating that "[t]here shall be no stay of merits discovery, ***period***." Transcript of Proceedings (Dkt. No. 87) at 5:7-10; *see also id.* at 4:12-18 ("I am not going to bifurcate the discovery.").[1]

Two weeks later, however, Defendants tried again. On August 25, 2015, they filed Defendants' Motion to Bifurcate (or Phase) Class and Merits Discovery (Dkt. No. 85), again asking the Court to delay discovery into the merits of Lead Plaintiff's claims until after class certification had been resolved. On October 26, 2015, the Court again denied the request. Dkt. No. 103; *id.* at 7 ("Defendants' arguments for staying discovery in this case are not persuasive, are conclusory, and

---

[1] All emphasis is added and citations and footnotes omitted unless otherwise indicated.

could be made in virtually any class action securities fraud case."). There is no reason for the Court to rule differently now.

Nothing in the Federal Rules of Civil Procedure expressly authorizes a stay of merits discovery pending resolution of class certification. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40-41 (N.D. Cal. 1990) ("[T]he Federal Rules could easily have provided for a stay pending class certification, but they do not."). To the contrary, the 2003 Advisory Committee Notes to Rule 23 state that the court should ***not*** force "an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" Fed. R. Civ. P. 23(c)(1)(A), advisory committee's note. Nor do this Court's local rules specifically authorize a pre-certification stay of merits discovery. To the contrary, the Court's original Order referring this action to the Magistrate Judge for customized case management makes clear that: "[D]iscovery is not stayed absent further order of the Court. The case shall not be stayed except upon order of the District Judge." Dkt. No. 58.

Moreover, discovery in this action was already stayed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), followed by more than a year during which Defendants failed to complete production of documents so as to permit meaningful depositions to take place. Most of the key events in this litigation took place in late 2013 and early 2014, some three or more years ago. This delay, by its very nature, is prejudicial to Lead Plaintiff and the class. *See, e.g.*, *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001); *In re Spectranetics Corp. Sec. Litig.*, No. 08-cv-02048-REB-KLM, 2009 U.S. Dist. LEXIS 100748, at *21 (D. Colo. Oct. 14, 2009). Defendants' proposal would result in an additional delay of another year or longer.

Courts have held that it is inappropriate to impose an additional stay of discovery once a plaintiff has satisfied the PSLRA's prerequisite to merits discovery by defeating a defendant's motion to dismiss. *In re SemGroup Energy Partners, L.P.*, No. 08-MD-1989-GKF-FHM, 2010 U.S. Dist. LEXIS 135209, at *13 (N.D. Okla. Dec. 21, 2010) ("[T]his case has been pending for more

than two years, and discovery has already been stayed for most of that period under the PSLRA. Bifurcation will almost certainly lead to further delay in the resolution of plaintiffs' claims."); *In re Groupon Sec. Litig.*, No. 12 C 2450, 2014 U.S. Dist. LEXIS 26212, at *10-*11 (N.D. Ill. Feb. 24, 2014) (denying motion to bifurcate discovery and noting the cumulative prejudice caused by staying merits discovery following the lifting of the PSLRA discovery stay). Defendants' assertion that the outcome of the motion for class certification may determine whether this case goes forward, especially in light of the fact that the District Court previously certified the proposed class, is exactly the type of "'[i]dle speculation'" that "'does not satisfy'" the "'good cause requirements'" for a stay of discovery. *Cockrill v. Mortg. Elec. Registration Sys.*, No. 3:13-0031, 2013 U.S. Dist. LEXIS 66925, at *6 (M.D. Tenn. May 10, 2013) (alteration in original); *see also Beach v. Healthways, Inc.*, 264 F.R.D. 360 (M.D. Tenn. 2010) (denying motion to bifurcate and stay merits discovery pending plaintiff's renewed motion for class certification even after class certification had originally been denied); *Ohio Bell Tel. Co. v. Global NAPs Ohio, Inc*., No. 2:06-cv-0549, 2008 U.S. Dist. LEXIS 21288, at *6-*7 (S.D. Ohio Mar. 4, 2008) ("[T]he Court concludes that the defendants in this case, like most defendants, should not receive a free pass on their discovery obligations simply because they have raised an issue that may ultimately lead to dismissal of the case."). In short, Defendants can provide no reason that discovery should be stayed at this late hour pending resolution of the motion for class certification.

Likewise, there is no valid reason that resolution of the motion to compel should affect the case management order. The disputed document requests were served on July 24, 2015. After multiple attempts to meet and confer on the issue, Lead Plaintiff filed the motion to compel on March 8, 2016. Dkt. Nos. 131-132. Briefing on the motion to compel (including supplemental submissions) was completed on July 19, 2016. Dkt. No. 176.

There is no reason to believe at this time that Defendants cannot meet the March 3, 2017 deadline for production of these documents. This is especially true given that Defendants have had

1229489_1
Case 3:14-cv-01564   Document 189   Filed 01/24/17   Page 5 of 14 PageID #: 6394

the relevant document requests for a year and a half, and they should be in a position to produce the requested documents promptly after the motion to compel is resolved.

Beyond Defendants' attempt to stay all proceedings until the pending motions are resolved, two other areas of disagreement should be resolved by the Court.

First, Defendants disagree that a deadline for completion of document production and production of privilege logs is appropriate. But the reality is that unless Defendants are subject to an enforceable obligation to produce documents with adequate time remaining before the close of fact discovery such that Lead Plaintiff can review those documents and then take all appropriate depositions, Defendants' dilatory production of documents will cause substantial prejudice to Lead Plaintiff and the class. The document requests were served a year and a half ago, but Defendants have still not completed document production. The case management order should ensure that Defendants do so before Lead Plaintiff takes substantive depositions. Accordingly, and in light of the 20 total depositions Lead Plaintiff is permitted to take (*see* Dkt. No. 84 at 6-7), Lead Plaintiff proposes a deadline of March 3, 2017, approximately three months before the close of fact discovery.

Second, Defendants disagree that the case management order should provide a revised deadline for amendment or supplementation of pleadings. Defendants can point to no significant prejudice that they would suffer from Lead Plaintiff being permitted to file an amended or supplemental complaint. *Cf. Gore v. El Paso Energy Corp. Long Term Disability Plan*, No. 3:02-1008, 2008 U.S. Dist. LEXIS 9684, at *15-*16 (M.D. Tenn. Feb. 8, 2008) ("In most cases, 'delay alone, does not justify denial of leave to amend.' Delay 'that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself[,] to disallow an amendment of a pleading.'" (alteration in original)).

More fundamentally, courts routinely allow plaintiffs to supplement or amend complaints in order to conform the pleadings to the evidence that is unearthed in discovery. *See Mellon Bank,*

*F.S.B. v. Alexander Wescott & Co.*, No. 98 Civ. 2650 (AGS), 1999 U.S. Dist. LEXIS 10822, at *14-*15 (S.D.N.Y. July 16, 1999); *accord In re Pfizer Sec. Litig.*, No. 04 Civ. 9866 (LTS) (HBP), 2012 U.S. Dist. LEXIS 39454, at *12-*13 (S.D.N.Y. Mar. 22, 2012) ("Courts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained during discovery." (citing *Bridgeport Music. Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 417 (S.D.N.Y. 2008)); *Kirk v. Metropolitan Transp. Auth.*, No. 99 Civ. 3787, 2001 U.S. Dist. LEXIS 2786, at *52-*53 (S.D.N.Y Mar. 14, 2001) (granting leave to amend "to plead facts learned in discovery that support previously noticed causes of action").

Accordingly, Lead Plaintiff respectfully submits that the deadline for amendment or supplementation of pleadings should be June 16, 2017, two weeks after Lead Plaintiff's proposed close of fact discovery.

Lead Plaintiff therefore respectfully submits that the Court should enter the schedule set forth above.

### B. Defendants' Position

At present, there are two pending motions which effectively will determine whether this case proceeds, and if so, its scope. Resolution of these motions will affect any case management order. They are: 1) Plaintiff's Motion for Class Certification (Dkt. Nos. 97-99, 128-130-4) and Defendant's Opposition thereto (Dkt. Nos. 114-118, 127-1); and 2) Plaintiff's Motion to Compel (Dkt. Nos. 131-133-10, 149-149-4, 170) and Defendants' Opposition (Dkt. Nos. 136-141, 176).

Defendants' position is that all discovery should be stayed pending a new decision by Judge Crenshaw regarding class certification, following the Sixth Circuit's Order vacating the original decision regarding class certification. Dkt. No. 178. The order regarding the class certification motion will almost certainly be appealed by one of the parties, and Defendants believe discovery should be stayed pending the outcome of an appeal. Accordingly, Defendants position is that within 21 days of a either: 1) the unappealed order regarding class certification from Judge Crenshaw; or

2) an order from the Sixth Circuit regarding class certification in this case, the Parties should confer regarding a discovery plan and submit a joint report to the Court.

In the alternative, Defendants propose that the deadlines in the discovery plan should be keyed to a final decision regarding whether there will be a class certified, and the scope of any such class, as outlined below. Defendants respectfully suggest that, following resolution of the outstanding motions, the Parties could submit a proposed discovery plan with specific dates based on the below outline at that time.

|  | **Proposed New Deadline** |
|---|---|
| Fact discovery cutoff | 210 days after any final order from the Sixth Circuit regarding class certification, or unappealed order from the District Court |
| Completion of document production and privilege logs | 60 days prior to the end of fact discovery |
| Deadline for filing discovery-related motions | 30 days after the fact discovery cutoff |
| Parties declare experts and produce expert reports pursuant to Fed. R. Civ. P. 26(a)(2) | 21 days after the fact discovery cutoff |
| Deadline for expert rebuttal reports | 30 days after the deadline to declare experts and produce expert reports |
| Deadline to complete expert depositions | 30 days following the deadline for expert rebuttal reports |
| Deadline for dispositive motions | 45 days after the deadline for dispositive motions |
| Oppositions to dispositive motions (45 days, if motion filed earlier) | 45 days after the deadline for dispositive motions |

|  | **Proposed New Deadline** |
|---|---|
| Replies to dispositive motions (21 days, if response is filed earlier) | 21 days after the oppositions to dispositive motions |
| Deadline for motions *in limine* (per ECF 185) | 14 days prior to the opposition to motions *in limine* |
| Oppositions to motions *in limine* (per ECF 185) | 14 days prior to submission of the joint proposed pretrial order |
| Submission of joint proposed pretrial order (per ECF 185) | 7 days prior to the pretrial conference |
| Pretrial conference (per ECF 185) | 7 days prior to the target trial date |
| Target trial date (per ECF 185–currently March 20, 2018) | TBD |

Defendants also respectfully suggest to the Court that the Target trial date and the dates related to motions *in limine* and the pretrial order contained in Dkt. No. 185 should be vacated or reassessed following resolution of the outstanding motions, at which point the Parties will know whether this will proceed as a class or individual action, and the scope of discovery remaining, if any.

DATED: January 24, 2017
ROBBINS GELLER RUDMAN
 & DOWD LLP
CHRISTOPHER M. WOOD, #032977
CHRISTOPHER H. LYONS, #034853


                    s/ Christopher H. Lyons
             CHRISTOPHER H. LYONS

414 Union Street, Suite 900
Nashville, TN 37219
Telephone: 615/244-2203
615/252-3798 (fax)
cwood@rgrdlaw.com
clyons@rgrdlaw.com

|  |  |
|---|---|
|  | ROBBINS GELLER RUDMAN<br>  &amp; DOWD LLP<br>JACK REISE<br>MAUREEN E. MUELLER<br>SABRINA E. TIRABASSI<br>120 East Palmetto Park Road, Suite 500<br>Boca Raton, FL  33432<br>Telephone:  561/750-3000<br>561/750-3364 (fax)<br>jreise@rgrdlaw.com<br>mmueller@rgrdlaw.com<br>stirabassi@rgrdlaw.com<br><br>Lead Counsel for Plaintiffs<br><br>BARRETT JOHNSTON MARTIN<br>  &amp; GARRISON, LLC<br>JERRY E. MARTIN, #20193<br>TIMOTHY L. MILES, #21605<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN  37219<br>Telephone:  615/244-2202<br>615/252-3798 (fax)<br>jmartin@barrettjohnston.com<br>tmiles@barrettjohnston.com<br><br>Liaison Counsel |
| DATED:  January 24, 2017 | WISEMAN ASHWORTH LAW GROUP<br>THOMAS A. WISEMAN III, #11738<br><br>      s/ Thomas A. Wiseman III (with consent)<br>            THOMAS A. WISEMAN III<br><br>511 Union Street, Suite 800<br>Nashville, TN  37219-1743<br>Telephone:  615/254-1877<br>Fax: 615/254-1878<br>tom@wisemanashworth.com |

K&L GATES LLP
Jeffrey B. Maletta
Nicholas G. Terris
Amy J. Eldridge
Krista Consiglio
1601 K Street, N.W.
Washington, DC  20006-1600
Telephone:  202/778-9000
Fax: 202/778-9100
jeffrey.maletta@klgates.com
nicholas.terris@klgates.com
amy.eldridge@klgates.com
krista.consiglio@klgates.com

K&L GATES LLP
R. Bruce Allensworth
State Street Financial Center
One Lincoln Street
Boston, MA  02111
Telephone:  617/261-3100
Fax: 617/261-3175
bruce.allensworth@klgates.com

Attorneys for Defendants BancorpSouth, Inc., James D. Rollins, III, James V. Kelley and William L. Prater

CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 24, 2017.

>s/ Christopher H. Lyons
> CHRISTOPHER H. LYONS
> ROBBINS GELLER RUDMAN
>     & DOWD LLP
> 414 Union Street, Suite 900
> Nashville, TN 37219
> Telephone: 800/449-4900
> 615/252-3798 (fax)
> E-mail: clyons@rgrdlaw.com

# Mailing Information for a Case 3:14-cv-01564 Burges et al v. BancorpSouth, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **R. Bruce Allensworth**
  bruce.allensworth@klgates.com

- **Gail Vaughn Ashworth**
  gail@wisemanashworth.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Robert P. Bramlett**
  robert@bramlettlawoffices.com

- **Krista Consiglio**
  krista.consiglio@klgates.com

- **Patrick V. Dahlstrom**
  pdahlstrom@pomlaw.com

- **Amy J. Eldridge**
  amy.eldridge@klgates.com,klgateseservice@klgates.com,Litigation.Docketing@klgates.com

- **Pedro A. Herrera**
  pherrera@sugarmansusskind.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com

- **Christopher Hamp Lyons**
  clyons@rgrdlaw.com

- **Jeffrey B. Maletta**
  jeffrey.maletta@klgates.com

- **Jerry E. Martin**
  jmartin@barrettjohnston.com,smcclenahan@barrettjohnston.com,tellis@barrettjohnston.com,nchanin@barrettjohnston.com

- **Timothy L. Miles**
  tmiles@barrettjohnston.com,tellis@barrettjohnston.com

- **Maureen E. Mueller**
  mmueller@rgrdlaw.com,dvanore@rgrdlaw.com

- **Jack Reise**
  jreise@rgrdlaw.com,stirabassi@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Nicholas G. Terris**
  nicholas.terris@klgates.com

- **Sabrina E. Tirabassi**
  stirabassi@rgrdlaw.com

- **Thomas Anderton Wiseman , III**
  tom@wisemanashworth.com,pam@wisemanashworth.com

Case 3:14-cv-01564   Document 189   Filed 01/24/17   Page 13 of 14 PageID #: 6402

- **Christopher M. Wood**
  cwood@rgrdlaw.com,smorris@rgrdlaw.com,ptiffith@rgrdlaw.com,hdeshmukh@rgrdlaw.com,e_file_sd@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)