# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM E. BURGES and ROSE M. BURGES, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | **Civil Action No. 3:14-cv-01564** |
| vs. | ) ) ) | **The Honorable Waverly D. Crenshaw, Jr. The Honorable Jeffery S. Frensley** |
| BANCORPSOUTH, INC., et al., | ) ) | **CLASS ACTION** |
| Defendants. | ) ) ) | |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing on September 21, 2018, pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") entered April 3, 2018, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated March 30, 2018 (the "Stipulation"). Due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.     This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Members of the Class.

- 1 -

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of settlement only: (i) a Class defined as all persons who purchased or otherwise acquired the publicly traded common stock of BancorpSouth, Inc. between July 12, 2013 and July 21, 2014, inclusive, and (ii) Robbins Geller Rudman & Dowd LLP as Class Counsel. Excluded from the Class are Defendants, executives who were members of the Management and Senior Staff Committees, and directors of BancorpSouth during the Settlement Class Period, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly requested exclusion from the Class as set forth in Exhibit A hereto. BancorpSouth or any entity in which BancorpSouth has or had a controlling interest (for purposes of this paragraph, together a "BancorpSouth-Controlled Entity") are excluded from the Class only to the extent that such BancorpSouth-Controlled Entity itself purchased a proprietary (i.e., for its own account) interest in the Company's common stock. To the extent that a BancorpSouth-Controlled Entity purchased BancorpSouth stock in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, employee or employee benefit plan that otherwise falls within the Class, or an employee benefit plan sponsored by a BancorpSouth-Controlled Entity, or an employee through such an employee benefit plan, purchased BancorpSouth stock, neither such BancorpSouth-Controlled Entity nor the third-party client, account, fund, trust, employee or employee benefit plan shall be excluded from the Class with respect to such BancorpSouth stock.

4.     For purposes of settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable;

(b) there are questions of law and fact common to the Class that predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Class; (d) Class Representative and its counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5.     Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement set forth in the Stipulation is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7.     Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses with prejudice and without costs, the Litigation and all claims contained therein and all of the Released Claims as against the Released Persons, except as and to the extent provided in the Stipulation and this Judgment.

8.     Upon the Effective Date hereof, and as provided in the Stipulation, Class Representative and each and all of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their

1468348_1

predecessors, agents, representatives, attorneys, affiliates, heirs, executors, administrators, successors, and assigns, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever waived, released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims, against the Released Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release form, except that claims relating to the enforcement of the Settlement shall not be released.

9. Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representative, each and all of the Class Members, and Class Representative's Counsel from all Settled Defendants' Released Claims, and shall forever be enjoined from prosecuting such claims, except for claims relating to the enforcement of the Settlement.

10. Upon the Effective Date hereof, and as provided in the Stipulation, Class Representative, each and all of the Class Members, other than those listed on Exhibit A hereto, and anyone claiming through or on behalf of any of them, including, but not limited to, their predecessors, agents, representatives, attorneys, affiliates, heirs, executors, administrators, successors, and assigns, are forever barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or continuing to prosecute any action or proceeding in any forum (including, but not limited to, any state or federal court of law or equity, any arbitral forum, any tribunal, administrative forum, or the court of any foreign jurisdiction, or any other forum of any kind), any of the Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement or resolution

1468348_1

of the Litigation or the Released Claims, against any or all of the Released Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release form, except that claims relating to the enforcement of the Settlement shall not be released.

11. The terms of the Stipulation and of this Order and Final Judgment shall be forever binding on Class Representative, all other Class Members, and Defendants (regardless of whether or not any individual Class Member submits a Proof of Claim and Release or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns.

12. The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Released Person shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

13. Any and all claims, actions, allegations, causes of action, demands, or rights, however denominated and whether presently known or unknown (collectively, "Claims") are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable: (i) to the maximum extent permitted by the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") or other applicable law, any claims seeking contribution or indemnification by any Person against any of the Released Persons arising out of or related to any Released Claim, and (ii) claims for contribution by any Defendant to the extent required by 15 U.S.C. §78u-4(f)(7)(A).

14. The Notice of Proposed Settlement of Class Action given to the Class in accordance with the Preliminary Approval Order entered on April 3, 2018, was the best notice practicable under the circumstances, to all Persons entitled to such notice, of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation. Said notice

1468348_1

fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, the requirements of the PSLRA, and all other applicable law and rules.

15.     Separate orders shall be entered regarding the proposed Plan of Allocation and Class Counsel's motion for attorneys' fees and expenses as allowed by the Court. Any plan of allocation submitted by Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16.     Neither this Order and Final Judgment, the Stipulation, the Supplemental Agreement, nor any of their terms or provisions, nor any of the negotiations, discussions, proceedings connected thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Person in any statement, release, or written documents issued, filed, or made; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Persons are or become parties; or (d) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Class Representative were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons, Class Representative, Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles

of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or the Judgment.

17.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

18.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel believe that they at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants as required under the terms of the Stipulation, then this Judgment may be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20.     Without further approval from the Court, the parties are hereby authorized to agree and to adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Order and Final Judgment; and (ii) do not materially limit the rights of Class Members in connection with the

Settlement.  Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

21.     The Court directs immediate entry of this Judgment by the Clerk of the Court.  The Clerk shall close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT A

EXHIBIT A
- 8 -





RECEIVED

MAY 1 0 2018

CLAIMS CENTER

# Exclusion Cover Page

Case Name: BancorpSouth Securities Litigation

Case Code: BSU

Exclusion Deadline: August 31, 2018 (*Received Date*)

Name of Person Filing Exclusion: Anthony Ryan Loveless
Billie Loveless (Dec)

TO WHOM IT MAY CONCERN;

I WOULD LIKE TO "REQUEST EXCLUSION FROM THE CLASS IN THE BANCORPSOUTH SECURITIES

LITIGATION". MY SHARES IN BANCORPSOUTH WERE RECEIVED AS AN INHERITANCE ON OR AFTER

OCTOBER 13, 2017. I RECEIVED 20 SHARES FROM MY MOTHER BILLIE LOVELESS AFTER SHE PASSED

AWAY ON OCTOBER 13, 2017. THIS TRANSACTION HAS NOTHING TO DO WITH YOUR JULY 12, 2103

THRU JULY 21, 2014 TIME FRAME, I DO NOT WISH TO PARTICIPATE AT ALL IN YOUR COURT

PROCEEDINGS. MY NAME IS ANTHONY RYAN LOVELESS. MY ADDRESS IS

. CELL PHONE NUMBER IS                    .

THANK YOU IN ADVANCE FOR YOUR COOPERATION,

Anthony Ryan Loveless

ANTHONY RYAN LOVELESS



Presorted
First-Class Mail
US Postage
**PAID**
Permit #319
Petaluma, CA

BancorpSouth Securities Litigation
Claims Administrator
P.O. Box 404061
Louisville, KY 40233-4061

**IMPORTANT LEGAL DOCUMENTS ENCLOSED.**

BSU-1002259-7 2
Do Not Mark This Barcode

773

BSU

BILLIE T LOVELESS
CUST ANTHONY RYAN LOVELESS UGMA MS

 *BSU-EXCL00002*


RECEIVED G

MAY 1 0 2018

CLAIMS CENTER

# Exclusion Cover Page

Case Name: BancorpSouth Securities Litigation

Case Code: BSU

Exclusion Deadline: August 31, 2018 *(Received Date)*

Name of Person Filing Exclusion: Charles Stephen Loveless
Billie Loveless (Dec)

TO WHOM IT MAY CONCERN;

I WOULD LIKE TO "REQUEST EXCLUSION FROM THE CLASS IN THE BANCORPSOUTH SECURITIES
LITIGATION". MY SHARES IN BANCORPSOUTH WERE RECEIVED AS AN INHERITANCE ON OR AFTER
OCTOBER 13, 2017. I RECEIVED 20 SHARES FROM MY MOTHER BILLIE LOVELESS AFTER SHE PASSED
AWAY ON OCTOBER 13, 2017. THIS TRANSACTION HAS NOTHING TO DO WITH YOUR JULY 12, 2103
THRU JULY 21, 2014 TIME FRAME, I DO NOT WISH TO PARTICIPATE AT ALL IN YOUR COURT
PROCEEDINGS. MY NAME IS CHARLES STEPHEN LOVELESS. MY ADDRESS IS

CELL PHONE NUMBER IS

THANK YOU IN ADVANCE FOR YOUR COOPERATION,

*Charles Stephen Loveless*

CHARLES STEPHEN LOVELESS

*BancorpSouth Securities Litigation*
Claims Administrator
P.O. Box 404061
Louisville, KY 40233-4061

**IMPORTANT LEGAL DOCUMENTS ENCLOSED.**

BSU-1002260-0 U
Do Not Mark This Barcode

774

**BSU**

Presorted
First-Class Mail
US Postage
**PAID**
Permit #219
Petaluma, CA



CHARLES STEPHEN LOVELESS
C/O CHARLES & BILLIE LOVELESS



 *BSU-EXCL00003*

 RECEIVED
MAY 1 0 2018
CLAIMS CENTER

# Exclusion Cover Page

Case Name: BancorpSouth Securities Litigation

Case Code: BSU

Exclusion Deadline: August 31, 2018 (*Received Date*)

Name of Person Filing Exclusion: Jonathon Stephen Loveless
                                             Billie Loveless (Dec)

TO WHOM IT MAY CONCERN;

I WOULD LIKE TO "REQUEST EXCLUSION FROM THE CLASS IN THE BANCORPSOUTH SECURITIES

LITIGATION". MY SHARES IN BANCORPSOUTH WERE RECEIVED AS AN INHERITANCE ON OR AFTER

OCTOBER 13, 2017. I RECEIVED 20 SHARES FROM MY GRANDMOTHER BILLIE LOVELESS AFTER SHE
PASSED

AWAY ON OCTOBER 13, 2017. THIS TRANSACTION HAS NOTHING TO DO WITH YOUR JULY 12, 2103

THRU JULY 21, 2014 TIME FRAME, I DO NOT WISH TO PARTICIPATE AT ALL IN YOUR COURT

PROCEEDINGS. MY NAME IS JONATHON STEPHEN LOVELESS. MY ADDRESS IS

CELL PHONE NUMBER IS

THANK YOU IN ADVANCE FOR YOUR COOPERATION,

JONATHON STEPHEN LOVELESS



Presorted
First-Class Mail
US Postage
**PAID**
Permit #219
Petaluma, CA

BancorpSouth Securities Litigation
Claims Administrator
P.O. Box 404061
Louisville, KY 40233-4061

**IMPORTANT LEGAL DOCUMENTS ENCLOSED.**

BSU-1002261-9 /
Do Not Mark This Barcode

775



BILLIE T LOVELESS
CUST JONATHAN STEPHEN LOVELESS UGMA MS

**BSU**

 *BSU-EXCL00004*

 RECEIVED BE

MAY 1 0 2018

CLAIMS CENTER

# Exclusion Cover Page

Case Name: BancorpSouth Securities Litigation

Case Code: BSU

Exclusion Deadline: August 31, 2018 (*Received Date*)

Name of Person Filing Exclusion:  Gayla Robin Michael
                                   Billie Loveless (Dec)

TO WHOM IT MAY CONCERN;

I WOULD LIKE TO "REQUEST EXCLUSION FROM THE CLASS IN THE BANCORPSOUTH SECURITIES

LITIGATION". MY SHARES IN BANCORPSOUTH WERE RECEIVED AS AN INHERITANCE ON OR AFTER

OCTOBER 13, 2017. I RECEIVED 20 SHARES FROM MY MOTHER BILLIE LOVELESS AFTER SHE PASSED

AWAY ON OCTOBER 13, 2017. THIS TRANSACTION HAS NOTHING TO DO WITH YOUR JULY 12, 2103

THRU JULY 21, 2014 TIME FRAME, I DO NOT WISH TO PARTICIPATE AT ALL IN YOUR COURT

PROCEEDINGS. MY NAME IS GAYLA ROBIN MICHAEL. MY ADDRESS IS

CELL PHONE NUMBER IS                    AND MY WORK NUMBER IS

THANK YOU IN ADVANCE FOR YOUR COOPERATION,

GAYLA ROBIN MICHAEL

Presorted
First-Class Mail
US Postage
**PAID**
Permit #219
Petaluma, CA

BancorpSouth Securities Litigation
Claims Administrator
P.O. Box 404061
Louisville, KY 40233-4061

**IMPORTANT LEGAL DOCUMENTS ENCLOSED.**

BSU-1002261-9 /
Do Not Mark This Barcode

775

BILLIE T LOVELESS
CUST JONATHAN STEPHEN LOVELESS UGMA MS

**BSU**



EXHIBIT A
- 24 -





JUN 1 9 2018

CLAIMS CENTER

# Exclusion Cover Page

Case Name: BancorpSouth Securities Litigation

Case Code:  BSU

Exclusion Deadline: AUGUST 31, 2018(*Received Date*)

Name of Person Filing Exclusion:  Wendall Spreadbury &
Connie Spreadbury ten com

May 1, 2018

BancorpSouth Securities Litigation
Claims Administrator
EXCLUSIONS
3301 Kerner Blvd.
San Rafael, CA 94901

Wendall Spreadbury &
Connie Spreadbury ten com



We request exclusion from the Class in the BancorpSouth Security Litigation. We received the following bank shares during the months of July 12, 2013 to July 21, 2014

| Dates | Net Dollar Amount | Price per share | Transaction Shares |
|---|---|---|---|
| 10/01/2013 | 31.69 | 20.079000 | 1.5783 |
| 01.02/2014 | 31.77 | 25.155500 | 1.2629 |
| 04/01/2014 | 31.83 | 25.142700 | 1.2660 |
| 07/01/2014 | 31.89 | 25.117600 | 1.2696 |

Sincerely,
Wendall Spreadbury
*Wendall Spreadbury*

Connie Spreadbury

*Connie Spreadbury*



BancorpSouth Securities Litigation
Claims Administrator
P.O. Box 404061
Louisville, KY 40233-4061

BSU





RECEIVED **GB**

JUL 0 9 2018

CLAIMS CENTER

# Exclusion Cover Page

Case Name: BancorpSouth Securities Litigation

Case Code: BSU

Exclusion Deadline: AUGUST 31, 2018(*Received Date*)

Name of Person Filing Exclusion: James W Watson

July 1, 2018

I, Janee W. Watson ask to be excluded from this law suite.

William D. Burges and Rose M. Burges

vs

Agalcorp Dworth, INC, et, all.
Civil Action No.
3:14-cu-01564

Thank you for taking care of this.

James W. Watson  8-2-18





Mr. & Mrs. James Watson

RECEIVED

JUL 0 9 2018

By _____

BSU

03 JUL 2018 PM

BancorpSouth Securities Litigation
Claims Administrator
P.O. Box 404061
Louisville, KY 40233-4061